THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOU M. TAYLOR, an individual, <br><br> Plaintiff, <br><br> v. <br><br> BRYAN S. KUCHAR, an individual, <br><br> Defendant. | Case No. <br><br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Lou M. Taylor ("Taylor") brings this action against Bryan S. Kuchar ("Kuchar") under, *inter alia* the provisions of the Anticybersquatting Consumer Protection Act, 15 U.S.C § 1125(d) and the Cyberpiracy protections for individuals found in 15 U.S.C. § 8131.

Taylor submits that the websites and domains located at URL www.loumtaylor.com and www.loumtaylor.net (collectively, the "Domains") were designed and are being used for improper commercial gain, to mislead Internet users, and to tarnish Taylor's name and mark, as is evident from the following circumstances: (i) the Domains consist entirely and exclusively of Taylor's personal name including her middle initial, the uniqueness of which makes it impossible to

foresee any justifiable use which Kuchar might claim in the Domains, and (ii) the website that the Domain directs to appears to feature several advertisement spaces available for "PURCHASE NOW," and (iii) the timing of the registration and its content demonstrates that Kuchar knew and intended that his specific uses of the Domains would be harmful to Taylor, her business, and her clients, thereby forcing her to pay to have the websites removed or altered.

## I.     The Parties

1. Taylor is the CEO and founder of Tri Star Sports & Entertainment Group ("Tri Star"), which is in the business of providing business management services to participants in the sports and entertainment industries. Over the course of nearly three decades, since she launched Tri Star in 1992, Taylor and her team have served numerous world-renowned performers, musicians, athletes, actors, writers, and directors.

2. Taylor's success in the field of sports and entertainment business management has garnered her numerous accolades and considerable media attention, including landing her on *The Hollywood Reporter*'s "Top Business Manager" list consecutively from 2014 to 2018 and *Variety Magazine*'s "Business Managers Elite" list from 2014 through 2016 and again in 2018. Taylor has also been recognized as one of *Billboard Magazine*'s "Women in Music" from 2016 through 2018, and one

of *MusicRow Magazine*'s "Rising Women on the Row" in 2015. Additionally, Taylor was featured in *Marie Claire*'s "Meet the Women Behind the Music" article in 2018 as one of six female executives who are "turning the music business on its head." *See* **Exhibit 1**.

3.  In short, Taylor is one of the most influential business managers in sports and entertainment. As a consequence of Taylor's 27-year continuous and widespread prior use of her personal name as a mark for her business management services, Taylor has acquired common law trademark rights in her name.

4.  Defendant Kuchar has registered, designed and used the Domains. Kuchar has an address listed as 921 Myrtle Street, NE, Apartment 10, Atlanta, Georgia 30309. Upon information and belief Kuchar is a resident of Georgia.

## II.   Jurisdiction and Venue

5.  This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 as it involves trademark law under the Lanham Act and pursuant to 28 U.S.C. §§ 1331 and 1338 because these claims arise under the following federal statutes: 15 U.S.C. §§ 1125(d), 8131.

6.  Venue is proper pursuant to 28 U.S.C. § 1391 because Kuchar is a resident of Georgia and maintains a permanent address in Georgia.

### III.   The Controversy

**A.   THE DOMAIN NAME IS IDENTICAL OR CONFUSINGLY SIMILAR TO A COMMON LAW SERVICE MARK IN WHICH TAYLOR HAS RIGHTS.**

7.   As aforementioned, "Lou M. Taylor" is Taylor's full personal name and well-established common law service mark (the "Mark"). Prior to Kuchar registering the Domains at issue (www.loumtaylor.com on May 21, 2019 and www.loumtaylor.net on June 29, 2019), the Mark has been used continuously and extensively in commerce by Taylor in connection with the business management services that she has provided to the sports and entertainment industries for nearly three decades.

8.   Kuchar's Domains are identical to and confusingly similar with Taylor's personal name and the Mark and, as such, infringes on Taylor's rights in the "Lou M. Taylor" name and the Mark.

**B.   KUCHAR HAS NO RIGHTS OR LEGITIMATE INTERESTS IN THE DOMAIN.**

9.   Kuchar has no rights or legitimate interests in the Domains.

10.   Taylor has no relationship with Kuchar, and she has never licensed or authorized him to use her personal name and service mark in any fashion.

11.   Kuchar is not using or making demonstrable preparations to use the Domains in connection with a bona fide offering of goods or services.

12. On information and belief, Kuchar is not making any legitimate, non-commercial or fair use of the Domains. Rather, he has registered the Domains with the intent to exploit Taylor's fame and goodwill for Kuchar's own commercial gain by misleadingly diverting Internet users to his website in an effort to tarnish the service mark at issue.

13. That the Domains are being used for commercial gain and to mislead Internet users and tarnish the Mark is evident from circumstances: (i) the Domains consist entirely of Taylor's personal name down to her middle initial, the uniqueness of which makes it difficult to foresee any justifiable use which Kuchar might claim in the Domains, *see, e.g.*, *Utada Hikaru v. Leonard Meng Lee*, WIPO Case No. D2007-0366 ("If the Respondent's intent was not to exploit the Complainant's reputation and her mark for his own benefit, then why would Respondent have registered and used a name that contained the Complainant's personal name?"); (ii) the website the Domains direct to appear to feature several advertisement spaces available for "PURCHASE NOW"; and (iii) Kuchar attempts to legitimize the Domain by mixing articles and images of Taylor reprinted without permission from known media outlets such as *Billboard Magazine* and *Variety Magazine* with defamatory statements, such as "Your #1 source for the gay demon exorcist" and "Your 2nd

source for the gay demon exorcist." True and correct copies of the website homepages of the Domains at issue are attached hereto as **Exhibit 2** and **Exhibit 3.**

### C. THE DOMAIN WAS REGISTERED BY KUCHAR AND IS BEING USED IN HARMFUL AND BAD FAITH WAYS.

14. On information and belief, Kuchar both registered and is using the Domains www.loumtaylor.com and www.loumtaylor.net in bad faith.

15. It is apparent that Kuchar intentionally attempted to attract Internet users for commercial gain by creating a likelihood of confusion with the Mark as to the source, sponsorship, affiliation, or endorsement of the Domains. This is demonstrated by the fact that Kuchar used domain names consisting entirely of Taylor's personal name, including her middle initial, directed Internet users to a website by mixing articles and images of Taylor reprinted without permission from known media outlets such as *Billboard Magazine* and *Variety Magazine*, and his website appears to feature several advertisement spaces available for "PURCHASE NOW."

16. It is apparent from Kuchar's defamatory statements posted on the website, such as "Your #1 source for the gay demon exorcist" and "Your 2nd source for the gay demon exorcist," that Kuchar intended to damage Taylor's reputation and disrupt her business. *See, e.g.*, *Nobre Seguradora do Brasil S.A. v. Privacy Protection Service Inc. / Luis Soldado*, WIPO Case No. D2016-0775.

### D. KUCHAR HAD THE SPECIFIC INTENT TO SELL THE DOMAIN FOR PROFIT.

17. On information and belief, Kuchar both registered and is using the Domain www.loumtaylor.com with the intent to sell it for profit.

18. It is apparent from Kuchar's disparaging statements and many references to Tri Star that he knew such statements would be harmful to Taylor and her business interests.

### COUNT I
### CYBERSQUATTING 15 U.S.C. § 1125(d)

19. Taylor hereby repeats, realleges, and incorporates by reference paragraphs one (1) through eighteen (18) as if fully set forth herein.

20. The Domains are identical to Taylor's full name, including her middle initial, were registered without her permission, and are likely to cause confusion or mistake.

21. The content contained on one or both of the Domains demonstrates bad faith intent to profit as shown by the fact that it contains many disparaging statements and misleading information regarding Taylor, and the website appears to feature several advertisement spaces available for "PURCHASE NOW."

22. These acts constitute a violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

23. Unless restrained by this Court, Kuchar's conduct will continue to cause irreparable harm and injury to Taylor, including her goodwill, reputation and business.

24. Taylor has no adequate remedy at law

## COUNT II
## CYBERPIRACY 15 U.S.C. § 8131

25. Taylor hereby repeats, realleges, and incorporates by reference paragraphs one (1) through twenty-four (24) as if fully set forth herein.

26. The Domains, which are identical to Taylor's full name, including her middle initial, were registered without her permission or consent.

27. Kuchar is aware of the personal and business harms that have resulted from the disparaging statements that he posted on the websites. It is apparent that he intended to profit from ownership of one or both of the Domains as shown by the timing of its registration and the content Kuchar posted on the website.

28. These acts constitute a violation of the Cyberpiracy protections for individuals provisions of 15 U.S.C. § 8131.

29. Unless restrained by this Court, Kuchar's conduct will continue to cause irreparable harm and injury to Taylor, including her goodwill, reputation and business.

30. Taylor has no adequate remedy at law.

## COUNT III
## **VIOLATION OF GEORGIA'S DECEPTIVE TRADE PRACTICES ACT**
## **O.C.G.A. §10-1-372**

31. Taylor hereby repeats, realleges, and incorporates by reference paragraphs one (1) through thirty (30) as if fully set forth herein.

32. Through the 27-year, continuous and widespread use of her personal name as a mark for her business management services, Taylor has acquired common law trademark rights in the Mark.

33. Kuchar, for his own commercial gain and in furtherance of his predatory and illegal business activities, has designed, created and is using the Domains to intentionally mislead Internet users to misattribute the Domains to Taylor.

34. Kuchar's use of Taylor's full name, exclusively and in its entirety, in the Domains creates a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Domains.

35. Kuchar's conduct constitutes unfair and deceptive acts or practices in violation of Georgia's unfair and deceptive trade practices statute, O.C.G.A. § 10-1-372(a).

36. As a result of Kuchar's acts, Taylor has suffered damages in an amount to be determined at trial.

9

## COUNT IV
## **DEFAMATION - LIBEL PER SE**

37. Taylor hereby repeats, realleges, and incorporates by reference paragraphs one (1) through thirty-six (36) as if fully set forth herein.

38. Kuchar is using the Domains, without Taylor's permission, to make false and disparaging statements concerning Taylor and her business, Tri Star.

39. It is apparent from Kuchar's defamatory statements posted on the websites, such as "Your #1 source for the gay demon exorcist" and "Your 2nd source for the gay demon exorcist" that Kuchar intended to damage Taylor's personal and industry reputation as well as damage her business.

40. Kuchar knew, or had reason to know, such statements were false and would be harmful to Taylor and her business interests.

41. Taylor has suffered damages in an amount to be determined at trial.

## COUNT V
## **TARNISHMENT/DILUTION IN VIOLATION OF 15 U.S.C. §1125(c)**

42. Taylor hereby repeats, realleges, and incorporates by reference paragraphs one (1) through forty-one (41) as if fully set forth herein.

43. Kuchar's unauthorized use of the Mark and his registration and use of the Domains violates Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

44. The Mark is famous.

45. Kuchar has made and continues to make commercial use of the Mark in commerce.

46. Kuchar's use of the Mark in commerce, which commenced after the Mark became famous, is likely to cause, and in fact has caused, dilution and tarnishment of the Mark by impairing the distinctiveness, and harming and tarnishing the reputation of the Mark.

47. On information and belief, Kuchar's unlawful conduct as set forth herein has been and continues to be willful, deliberate and in bad faith.

48. Kuchar has caused and will continue to cause irreparable injury to Taylor's goodwill and business reputation, and the dilution of the famous and distinctive Mark in violation of 15 U.S.C. §1125(c).

49. Taylor has no adequate remedy at law, and is entitled to injunctive relief and to any profits, actual damages, and reasonable attorneys' fees under 15 U.S.C. §1125(c), 1116 and 1117.

## COUNT VI
## TARNISHMENT/DILUTION VIOLATION OF O.C.G.A. § 10-1-451

50. Taylor hereby repeats, realleges, and incorporates by reference paragraphs one (1) through forty-nine (49) as if fully set forth herein.

51. Kuchar's infringing and tarnishing use of the Mark, and his registration and use of the Domains, violates O.C.G.A. §10-1-451.

52. Kuchar's unauthorized use of the Mark and his registration of the Domains constitutes trademark tarnishment and dilution under O.C.G.A. §10-1-451.

53. Kuchar has made and continues to make commercial use of Taylor's famous Mark in commerce.

54. Kuchar's use of the Mark commenced after the Mark became famous.

55. Kuchar's use of the Mark is likely to cause, and in fact has caused, dilution of the distinctive quality of Plaintiff's Mark by harming and tarnishing the reputation of the Mark.

56. On information and belief, Kuchar's unlawful conduct as set forth herein has been and continues to be willful, deliberate and in bad faith.

57. These violations have irreparably damaged Taylor, and she has no adequate remedy at law.  Unless enjoined, Kuchar's unlawful conduct will continue, further injuring Taylor and confusing the public.

### COUNT VII
### ATTORNEY FEES

58. Taylor hereby repeats, realleges, and incorporates by reference paragraphs one (1) through fifty-seven (57) as if fully set forth herein.

59. Kuchar has acted in bad faith, has been unduly stubborn and litigious, and has caused Taylor unnecessary trouble and expense.

60. Taylor is entitled to recover her expenses of litigation, including, but not limited to, reasonable attorneys' fees pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Taylor respectfully requests that the Court grant the following:

1. An order requiring Kuchar to transfer to Taylor his registration for the Domains <www.loumtaylor.com>, www.loumtaylor.net and any registrations for other domain names confusingly similar to the Mark;

2. An injunction prohibiting Kuchar, his agents, employees, attorneys and any and all person acting in concert or participation with him, from registering, using and/or trafficking in any domain name that includes the Mark;

3. An injunction prohibiting Kuchar, his agents, employees, attorneys and any and all person acting in concert or participation with him, from using, without Taylor's authorization, the Mark as part of any trademark, service mark, logo, trade name, corporate name, domain name, sub-domain name, website or email address;

4. Damages in an amount to be determined at trial, with such damages trebled pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117;

5. An award of Kuchar's profits wrongfully derived from his unauthorized use of the Mark and the Domains;

6. An award of prejudgment interest on all liquidated sums;

7. An award of punitive damages;

8. An award of fees and costs associated with bringing and prosecuting this action; and

9. Such further relief as the Court deems just and proper.

This 1st day of July, 2019.

Respectfully submitted by:

/s/ Hayden Pace
Hayden R. Pace
Georgia Bar No. 558595
Jordan A. Fishman
Georgia Bar No. 180796

*Counsel for Plaintiff Lou M. Taylor*

**STOKES WAGNER, A.L.C.**
One Atlantic Center, Suite 2400
1201 West Peachtree Street, N.W.
Atlanta, GA 30309
Telephone: (404) 766-0076
Facsimile: (404) 766-8823
hpace@stokeswagner.com
jfishman@stokeswagner.com