# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

LOU M. TAYLOR, in individual,

    Plaintiff,

v.

                                    Case No.: 1:19-cv-3028

BRYAN S. KUCHAR, an individual,

    Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, BRYAN S. KUCHAR ("Defendant"), by and through undersigned counsel, hereby files the following Answer[1] and Affirmative Defenses to Plaintiff's, LOU M. TAYLOR ("Plaintiff"), Complaint.

## GENERAL DENIALS

a.    Defendant generally denies that Defendant is the owner of, and/or has any association with, the domain loumtaylor.net (the "Excluded Domain"). Defendant has no knowledge regarding use and/or intent to use the Domains[2], except as such relates to use of the Admitted Domain.

b.    Defendant generally denies that the Admitted Domain was designed and/or used for improper commercial gain, to mislead Internet users, or to tarnish Plaintiff's name and/or Mark. The Admitted Domain was solely created for non-commercial use and with the intent to provide news commentary, criticism, parody, and news reporting. All use of the Admitted

---

[1] The numbered items in the Answer correspond to the numbered items contain in Plaintiff's Complaint. All definitions provided in Plaintiff's Complaint are reincorporated herein.

[2] The other Domain set forth in Plaintiff's Complaint (www.loumtaylor.com) shall be referred to herein as the "Admitted Domain."

Domain was made in accordance with fair use and/or Defendant's rights under the First Amendment.

 c. Defendant generally denies that the Admitted Domain is being used for any purpose whatsoever. The Admitted Domain has been shutdown and non-operational since June 5, 2019, which is at least one (1) month prior to Plaintiff's filing of the Complaint.

 d. Defendant generally denies that the Admitted Domain was used for the purpose of harming Plaintiff, Plaintiff's business, or any of Plaintiff's clients.

## **SPECIFIC DENIALS**

### I. The Parties

1. Defendant admits that Plaintiff is the CEO and founder of Tri Star Sports & Entertainment Group. Defendant is without specific knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2. Defendant is without specific knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint, and therefore denies the same. Notwithstanding, Defendant admits that Exhibit 1 speaks for itself.

3. Defendant is without specific knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint, and therefore denies the same. Defendant further denies that Plaintiff has acquired common law trademark rights in her name.

4. Defendant denies that Defendant has registered, designed and used the Excluded Domain. Defendant admits to registration and use of the Admitted Domain. Defendant admits that Defendant is a resident of Georgia.

## II.     Jurisdiction and Venue

5. Defendant denies that this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 1125(d) and/or that this action involves trademark law under the Lanham Act. Defendant otherwise admits that this Court has subject matter jurisdiction over the Complaint as pleaded.

6. Admitted.

## III.     The Controversy

7. Defendant admits that "Lou M. Taylor" is Plaintiff's full personal name. Defendant denies that the Mark is a well-established common law service mark and/or that Defendant has established common law trademark rights in the Mark. Defendant is without specific knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint, and therefore denies the same.

8. Defendant admits that the Domains are identical to Plaintiff's personal name and the Mark; provided, Defendant denies that Defendant owned or possessed the Excluded Domain, and therefore is only able to speak to the allegations contains in Paragraph 8 as such relates to the Admitted Domain. Defendant denies that the Admitted Domain infringes on Plaintiff's rights in the "Lou M. Taylor" name or the Mark.

9. Defendant denies the entirety of the allegations contained Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff has no relationship with Defendant. Defendant denies that Defendant required Plaintiff's license or authorization in order to establish the Admitted Domain, as all use of the Admitted Domain has been done in accordance with fair use and/or Defendant's rights under the First Amendment.

11. Admitted, to the extent Defendant admits that Defendant is not using the Admitted Domain for any commercial use or with the intent to gain or make a profit. Defendant does not promote, market, or offer for sale any goods or services on the Admitted Domain, as Defendant's use thereof is solely for the purpose to provide commentary, criticism, parody, and news reporting.

12. Defendant denies the entirety of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the entirety of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that Defendant has registered and used the Admitted Domain. Defendant denies registration or use of the Excluded Domain. Defendant further denies that Defendant registered and/or used the Admitted Domain in bad faith.

15. Defendant denies the entirety of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the entirety of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the entirety of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the entirety of the allegations contained in Paragraph 18 of the Complaint.

## COUNT I
## CYBERSQUATTING 15 U.S.C. § 1125(d)

19.     Defendant hereby repeats, realleges, and incorporates by reference its responses to every allegation contained in the foregoing portions of this Answer to the Complaint with the same force and effect as if pleaded separately herein.

20.     Defendant admits that the Admitted Domain is identical to Plaintiff's name and was registered without her permission. Defendant denies that Plaintiff's permission was required to register the Admitted Domain and/or the registration of the Admitted Domain is likely to cause confusion or mistake. Defendant is without specific knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint as it relates to the Excluded Domain, and therefore denies the same.

21.     Defendant denies the entirety of the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the entirety of the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the entirety of the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the entirety of the allegations contained in Paragraph 24 of the Complaint.

## COUNT II
## CYBERPIRACY 15 U.S.C. § 8131

25.     Defendant hereby repeats, realleges, and incorporates by reference its responses to every allegation contained in the foregoing portions of this Answer to the Complaint with the same force and effect as if pleaded separately herein.

26. Defendant admits that the Admitted Domain is identical to Plaintiff's name and was registered without her permission. Defendant denies that Plaintiff's permission was required to register the Admitted Domain. Defendant is without specific knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint, and therefore denies the same.

27. Defendant denies the entirety of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the entirety of the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the entirety of the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the entirety of the allegations contained Paragraph 30 of the Complaint.

### COUNT III
### VIOLATION OF GEORGIA's DECEPTIVE TRADE PRACTICES ACT
### O.C.G.A. §10-1.372

31. Defendant hereby repeats, realleges, and incorporates by reference its responses to every allegation contained in the foregoing portions of this Answer to the Complaint with the same force and effect as if pleaded separately herein.

32. Defendant is without specific knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Complaint, and therefore denies the same.

33. Defendant denies the entirety of the allegations contained Paragraph 33 of the Complaint.

34. Defendant denies the entirety of the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the entirety of the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the entirety of the allegations contained Paragraph 36 of the Complaint.

## COUNT IV
## DEFAMATION – LIBEL PER SE

37. Defendant hereby repeats, realleges, and incorporates by reference its responses to every allegation contained in the foregoing portions of this Answer to the Complaint with the same force and effect as if pleaded separately herein.

38. Defendant denies the entirety of the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the entirety of the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the entirety of the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the entirety of the allegations contained in Paragraph 41 of the Complaint.

## COUNT V
## TARNISHMENT/DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c)

42. Defendant hereby repeats, realleges, and incorporates by reference its responses to every allegation contained in the foregoing portions of this Answer to the Complaint with the same force and effect as if pleaded separately herein.

43. Defendant denies the entirety of the allegations contained in Paragraph 43 of the Complaint.

44. Defendant is without specific knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Complaint, and therefore denies the same.

45. Defendant denies the entirety of the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the entirety of the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the entirety of the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the entirety of the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the entirety of the allegations contained in Paragraph 49 of the Complaint.

## COUNT VI
## TARNISHMENT/DILUTION VIOLATION OF O.C.G.A. § 10-1-451

50. Defendant hereby repeats, realleges, and incorporates by reference its responses to every allegation contained in the foregoing portions of this Answer to the Complaint with the same force and effect as if pleaded separately herein.

51. Defendant denies the entirety of the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the entirety of the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the entirety of the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the entirety of the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the entirety of the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the entirety of the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the entirety of the allegations contained in Paragraph 57 of the Complaint.

## COUNT VII
## ATTORNEY FEES

58. Defendant hereby repeats, realleges, and incorporates by reference its responses to every allegation contained in the foregoing portions of this Answer to the Complaint with the same force and effect as if pleaded separately herein.

59. Defendant denies the entirety of the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the entirety of the allegations contained in Paragraph 60 of the Complaint.

**Answer to Plaintiff's Prayer for Relief:** Defendant denies that Plaintiff is entitled to any judgment or relief requested in the "WHEREFORE" prayer for judgment section in Plaintiff's Complaint (*See* D.E. 1, pg. 13-14). To the extent that any statement in said prayer for judgment section to Plaintiffs' Complaint might be deemed factual, Defendant denies same.

**DEMAND FOR JURY TRIAL**

Defendant, BRYAN KUCHAR, demands a trial by jury for all issues so triable.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense:** Failure to Establish Common Law Trademark Rights

1. The Complaint alleges that Plaintiff is the owner of the Mark, defined as "Lou M. Taylor." However, Plaintiff has not established, nor is Plaintiff able to establish, that Plaintiff has acquired any common law trademark rights and/or used the term "Lou M. Taylor" in a manner equal to use in commerce. Plaintiff's Complaint alleges "the Mark has been used continuously and extensively used in commerce by Taylor in connection with the business management services that she has provided to the sports and entertainment industries for nearly three decades." (*see* D.E. 1, ¶ 7). However, this purported use is without merit and Plaintiff is unable to show to trademark usage (i.e. use in commerce). Plaintiff's business management services are provided under the name, Tri Star Sports & Entertainment Group, which "is in the business of providing business management services to participants in the sports and entertainment industries." (*see* D.E. 1, ¶ 1). Thus, while Plaintiff may have established common law trademark rights in and to "Tri Star Sports & Entertainment Group," Plaintiff has not done so under the Mark.

**Second Affirmative Defense:** No Likelihood of Confusion

2. Even if Plaintiff has established common law trademark rights in the Mark, there exists no likelihood of confusion between the Mark and Defendant's use of the Admitted Domain. Defendant has not used the Domain for commercial purposes, nor does Defendant provide any services identical or substantially similar to those purportedly provided under the Mark. In fact, Defendant does not offer, sell, or market any goods or services on the Admitted

Domain. As a result, there is no likelihood that consumers may be confused or mistakes as to the provider of the Admitted Domain.

**Third Affirmative Defense:** Fair Use

3. Defendant's sole purpose and intent of registering the Admitted Domain was to provide a source of commentary, criticism, parody, and news reporting. At no point in time has the Admitted Domain been used for commercial use, nor has Defendant sought or obtained a profit or monetary gain from registration of the Admitted Domain.

**Fourth Affirmative Defense:** Lack of Ownership

4. Defendant is not the registered owner, nor does Defendant have access to or any knowledge regarding the ownership, of the Excluded Domain.

**Fifth Affirmative Defense:** First Amendment

5. Defendant's registration and non-commercial use of the Admitted Domain is protected under the First Amendment.

**Sixth Affirmative Defense:** Failure to State a Claim For Relief

6. Plaintiff fails to state a claim for a relief for reach of the causes of action set forth in the Complaint. Specifically:

   a. Count I alleges Defendant has committed a violation of 15 U.S.C. §1125(d) (Cybersquatting). 15 U.S.C. § 1125(d) states, in pertinent part, "A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person (i) **has a bad faith intent to profit from that mark**, including a personal name which is protected as a mark under this section." (emphasis added). Defendant has not made any commercial use of the Admitted

Domain, nor was the Admitted Domain registered with bad faith intent to profit from the creation thereof. As such, Plaintiff is unable to prove a necessary element for the purpose of seeking relief under Count I of the Complaint.

b. Count II alleges Defendant has committed a violation of 15 U.S.C. § 8131 (Cyberpiracy). 15 U.S.C. § 8131(a) states "Any person who registers a domain name that consists of the name of another living person, or a name substantially and confusingly similar thereto, without that person's consent, **with the specific intent to profit from such name by selling the domain name for financial gain to that person or any third party**, shall be liable in a civil action by such person." (emphasis added). Defendant did not register the Admitted Domain with the specific intent to profit or obtain financial gain. The Admitted Domain was created in accordance with fair use and for the sole purpose to provide commentary, criticism, and news. As such, Plaintiff is unable to prove a necessary element for the purpose of seeking relief under Count II of the Complaint.

c. Count III alleges Defendant has committed a violation of Georgia's Deceptive Trade Practices Act (UDTPA). The UDTPA protects trade names when another person's use of a similar name "causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services." *See* O.C.G.A. §10-1-372(a)(2). Plaintiff's purported Mark does not qualify for protection under the UDTPA, because Plaintiff does not use such Mark in commerce (i.e. for the providing of goods and services). Furthermore, even if such Mark qualified for protections, there is no likelihood of confusion between the Mark and Defendant's use of the Admitted Domain, because no

reasonable consumer would be confused or mistaken into believing that Plaintiff is the source of the Admitted Domain. Moreover, Plaintiff alleges Defendant's violation is predicated upon seeking commercial gain and/or furthering illegal business activities to misattribute the Admitted Domain to Plaintiff. *See* D.E. 1, ¶ 33. However, Defendant has never sought or obtained commercial gain from the registration of the Domain Name, nor has Defendant used the Admitted Domain for any business activity, as the Admitted Domain was solely used for commentary, criticism, news reporting, and parody purposes. As such, Plaintiff is unable to prove a necessary element for the purpose of seeking relief under Count III of the Complaint.

d. Count IV alleges Defendant has committed an act of libel per se. According to Georgia law, libel per se "consists in: (1) Imputing to another a crime punishable by law; (2) Charging a person with having some contagious disorder or with being guilty of some debasing act which may exclude him from society; (3) Making charges against another in reference to his trade, office, or profession, calculated to injure him therein." *See* OCGA § 51–5–4(a); *Hayes v. Irwin*, 541 F. Supp. 397, 431 n.34 (N.D.Ga.1982). The alleged statements contained the Complaint (*see* D.E. 1, ¶ 39) do not amount to libel per se, nor does the Complaint allege that such statements have been accessed by any third party. As such, Plaintiff is unable to prove a necessary element for the purpose of seeking relief under Count IV of the Complaint.

e. Count V alleges Defendant has committed a violation of 15 U.S.C. § 1125(c) (Tarnishment / Dilution). Plaintiff's purported Mark does not qualify for

protection as a famous mark as defined under the statute. Notwithstanding, even if Plaintiff's Mark qualified thereunder, Defendant's registration of the Admitted Domain falls under the exclusions set forth in 15 U.S.C. § 1125(c), which states the following are not actionable as tarnishment/dilution: (a) fair use in connection with, *inter alia*, identifying and parodying, criticizing, or commenting upon the famous mark owner or the goods or services of the famous mark owner; (b) all forms of news reporting and news commentary; or (c) any noncommercial use of the mark. As Defendant's registration and use of the Admitted Domain falls under such exclusion, Plaintiff is unable to prove a necessary element for the purpose of seeking relief under Count V of the Complaint.

f. Count VI alleges Defendant has committed a violation of O.C.G.A. § 10-1-451. "Dilution 'occurs [under the statute] where the use of the trademark by the subsequent user will lessen the uniqueness of the prior user's mark with the possible future result that a strong mark may become a weak mark.'" *Reinalt-Thomas Corp. v. Mavis Tire Supply, LLC*, No. 1:18-CV-5877-TCB, 2019 WL 4023594, at *14 (N.D. Ga. July 10, 2019). Defendant's registration of the Admitted Domain does not lessen the uniqueness of Plaintiff's purported Mark, as: (i) Plaintiff does not provide services under the Mark, but actually under Plaintiff's company, Tri Star Sports & Entertainment Group; and (ii) even if it is determined that Plaintiff actually provides services under the Mark, Defendant's use of the Admitted Domain in connection with, *inter alia*, (a) identifying and parodying, criticizing, or commenting upon the Mark owner or the goods or services of the Mark; (b) all forms of news reporting and news commentary; and

(c) any noncommercial does not amount to dilution or the creation of any likelihood of confusion amongst the consuming public. As a result, Plaintiff is unable to prove a necessary element for the purpose of seeking relief under Count VI of the Complaint.

g. Count VII seeks attorney's fees pursuant to O.C.G.A. § 13-6-11. Defendant has not acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble or expense. Defendant's use of the Admitted Domain was made in good faith and in accordance with Defendant's statutory and common law rights. Furthermore, Defendant has repeatedly tried to resolve this matter in good faith prior to the initiation of litigation. As a result, Plaintiff has not set forth a claim for attorney's fees pursuant to Count VII of the Complaint.

**Seventh Affirmative Defense:** Good Faith

7. Even if Plaintiff has established common law trademark rights in the Mark, Defendant has acted in good faith at all times, and without malice or knowledge of any violation relating to Defendant's use of the Admitted Domain.

August 30, 2019                                Respectfully submitted.

/s/ John M. Phillips
**PHILLIPS & HUNT**
John M. Phillips, B.C.S.**
Georgia Bar Number: 576347
4230 Ortega Boulevard
Jacksonville, FL  32210
(904)444-4444
(904)508-0683 facsimile
Attorneys for Defendant

**HEITNER LEGAL, P.L.L.C**
*Pro Hac Vice Pending*

                1736 NE 7th Street
                Fort Lauderdale, FL 33304
                Phone: 954-558-6999
                Fax: 954-927-3333

By:

DARREN A. HEITNER
Florida Bar No.: 85956
Darren@heitnerlegal.com

By: /s/ Alan Wilmot
Alan Wilmot
(Fla. Bar No. 117840)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the CM/ECF to the following on this 30th day of August 2019:

**STOKES WAGNER, A.L.C.**
One Atlantic Center, Suite 2400
1201 West Peachtree Street, N.W.
Atlanta, GA 30309
Telephone: (404) 766-0076
Facsimile: (404) 766-8823
hpace@stokeswagner.com
jfishman@stokeswagner.com

                By: /s/ John Phillips