THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LOU M. TAYLOR, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | 1:19-cv-03028-MLB |
| v. | ) | |
| | ) | |
| BRYAN S. KUCHAR, an individual | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

1. **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

1. **Description of Case:**

   **(a) Describe briefly the nature of this action.**

   This action concerns Defendant's registration and use of one or more internet domains that include use of Plaintiff's personal name and/or service mark. Plaintiff initiated this action asserting claims of Cybersquatting, Cyberpiracy, violation of Georgia's Deceptive Trade Practices Act, Defamation, Tarnishment/Dilution, and attorneys' fees under O.C.G.A. §13-6-11.

   **(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

   Plaintiff is a business manager for the sports and entertainment industries. Over the course of her 27-year career, she and her business (Tri Star Sports &

Entertainment Group) have served world-renowned performers, musicians, athletes and other artists. Plaintiff has earned significant professional recognition and numerous industry accolades.

Defendant has registered and used the domain name <<www.loumtaylor.com>>, and Plaintiff believes that Defendant may have also registered or is affiliated with a second domain name, <<www.loumtaylor.net>>. Defendant denies that he has registered, owns or is in any manner affiliated with this second domain name. But, with respect to the first domain (www.loumtaylor.com), Defendant has published mixed articles and images of Plaintiff, reprinted without permission from known media outlets such as *Billboard Magazine* and *Variety Magazine,* with statements such as "Your #1 source for the gay demon exorcist" and "Your 2nd source for the gay demon exorcist."

Plaintiff contends the domain names misappropriate Plaintiff's personal name and service mark with the intent to exploit Plaintiff's fame and goodwill for Defendant's own commercial gain. Plaintiff contends that Defendant has acted with the intent to misleadingly divert internet users to Defendant's website(s) in an effort to tarnish Plaintiff's name and service mark, damage her reputation and disrupt her business.

Defendant denies that he has engaged in any wrongdoing or actionable

misconduct, and contends that his use of the domain www.loumtaylor.com is a lawful parody. Defendant denies any liability to Plaintiff arising from the events detailed in the Complaint and denies that Plaintiff is entitled to recover any damages therefrom.

**(c) The legal issues to be tried are as follows:**

(1) Whether the "Mark" referenced in the Complaint is famous or has attained secondary meaning, or whether Plaintiff has otherwise acquired common law protections in her personal name and/or the Mark.

(2) Whether and to what extent Defendant owns, has an interest in or otherwise is affiliated with each of the two domain names referenced in the Complaint.

(3) Whether the domain name(s) are identical or confusingly similar to Plaintiff's personal name and/or Mark.

(4) Whether Defendant has any rights to use or legitimate interests in the domain name(s) and/or use of the Mark.

(5) Whether Defendant's registration, design or use of the domain name(s) containing Plaintiff's personal name and/or Mark was wrongful, unauthorized, harmful or in bad faith.

(6) Whether Defendant's registration, design or use of the domain

name(s) containing Plaintiff's personal name and/or Mark created a likelihood of confusion.

(7) Whether Defendant's registration, design or use of the domain name(s) containing Plaintiff's personal name and/or Mark constitutes or has caused tarnishment or dilution.

(8) Whether Defendant intended to sell the domain(s) or otherwise profit from use of the domain name(s).

(9) Whether Defendant's registration, design or use of Plaintiff's personal name and/or mark(s) is permitted by law or is otherwise defensible.

(10) Whether Defendant engaged in the conduct detailed in the Complaint.

(11) Whether any of the defenses asserted by Defendant bar, in whole or in part, any of the claims asserted by Plaintiff in this action.

(12) Whether Defendant is liable to Plaintiff on each of the claims and Counts set forth in the Complaint.

(13) Whether Plaintiff may recover on each of the claims and Counts set forth in the Complaint and, if so, to what damages is Plaintiff entitled.

(14) Whether Plaintiff is entitled to injunctive relief prohibiting Defendant, his agents, employees, attorneys and any and all person acting in

concert or participation with him, from registering, using and/or trafficking in any domain name that contains Plaintiff's personal name and/or the Mark.

**(d) The cases listed below are:**

**(1) Pending Related Cases:** None.

**(2) Previously Adjudicated Related Cases:** None.

**2.      This case is complex because it possesses one (1) or more of the features listed below (please check):**

This case is not complex.

\_\_\_ **(1) Unusually large number of parties**

\_\_\_ **(2) Unusually large number of claims or defenses**

\_\_\_ **(3) Factual issues are exceptionally complex**

\_\_\_ **(4) Greater than normal volume of evidence**

\_\_\_ **(5) Extended discovery period is needed**

\_\_\_ **(6) Problems locating or preserving evidence**

\_\_\_ **(7) Pending parallel investigations or action by the government**

\_\_\_ **(8) Multiple use of experts**

\_\_\_ **(9) Need for discovery outside United States boundaries**

\_\_\_ **(10) Existence of highly technical issues and proof**

**3. Counsel:**

**The following individually named attorneys are hereby designated as lead counsel for the parties:**

|   |   |
|---|---|
| Plaintiff: | **Hayden R. Pace, Esq.**<br>Jordan A. Fishman, Esq.<br>Stokes Wagner, A.L.C.<br>One Atlantic Center, Ste. 2400<br>1201 W. Peachtree Street, N.W.<br>Atlanta, Georgia 30309<br>Tel: (404) 766-0076<br>Fax: (404) 766-8823<br>hpace@stokeswagner.com<br>jfishman@stokeswagner.com |
| Defendant: | **Darren A. Heitner, Esq.**<br>Alan Wilmot, Esq.<br>Heitner Legal, P.L.L.C<br>215 Hendricks Isle<br>Fort Lauderdale, FL 33301<br>Phone: 954-558-6999<br>Fax: 954-927-3333<br>darren@heitnerlegalcom<br>alan@heitnerlegal.com<br><br>John M. Phillips, B.C.S.<br>Phillips & Hunt<br>4230 Ortega Boulevard<br>Jacksonville, FL 32210<br>Tel: (904) 444-4444<br>Fax: (904) 508-0683 facsimile<br>jmp@floridajustice.com |

**4.     Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

No.

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.     Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

None – the parties are currently unaware of any necessary parties who have not been joined in this action.

**(b) The following persons are improperly joined as parties:**

None – the parties are currently unaware of any persons who have been improperly joined as parties in this action.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any**

**contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

In light of Defendant's contentions that he does not own, has not registered and is unaffiliated with that domain name <<www.loumtaylor.net>>, the parties have agreed that Plaintiff shall, upon receiving sufficient evidence confirming the foregoing, amend her Complaint to remove references to this ".net" domain name. If Plaintiff intends to do so, the parties agree this amendment shall be filed no later than October 31, 2019.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible.  The local rules set specific

filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel:* before the close of discovery (currently January 31, 2020) or within the extension period allowed in some instances. Local Rules 37.1.

(b) *Summary Judgment Motions:* within twenty (20) days after the close of discovery (i.e., currently February 20, 2020), unless otherwise permitted by Court order. Local Rule 56.1.

(c) *Other Limited Motions:* Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

The parties plan to exchange Initial Disclosures as follows:

(a) Plaintiff shall provide her Initial Disclosures by October 4, 2019; and

(b) Defendant shall provide his Initial Disclosures by October 18, 2019.

9. **Request for Scheduling Conference:**

**Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time, but shall notify the Court if/when they feel such a conference is necessary or would be helpful.

10. **Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

(1) **Plaintiff**. Plaintiff anticipates obtaining discovery that includes the following issues: the elements necessary to establish each of Plaintiff's causes of action; the extent of Defendant's misconduct and campaign to harm Plaintiff's reputation and business interests; Defendant's registration, design, ownership and use of the domain name(s); Defendants' communications with third parties (not including legal counsel) regarding Plaintiff, Plaintiff's business interests, the events detailed in the Complaint, and/or the domain name(s); and the damages that Plaintiff alleges she has suffered as a result of the events referenced in the Complaint; the necessity and propriety of the permanent injunctive relief requested by Plaintiff; and the facts underlying each of the defenses asserted by Defendant.

(2) **Defendant**. Defendant anticipates obtaining discovery that includes the following issues: the elements necessary to establish each of Defendant's affirmative defenses; the extent of any damages (if any) incurred by Plaintiff based upon alleged harm to reputation and business interests resulting from Plaintiff's claims referenced in the Complaint; Plaintiff's

communication with third parties (not including legal counsel) regarding the events detailed in the Complaint and/or any other events surrounding Plaintiff's dealing with Defendant; the extent of any confusion as alleged in Plaintiff's Complaint; the development of protectable trademark/trade name rights (common law or otherwise) as alleged in Plaintiff's Complaint, including, without limitation, use in commerce; and the facts underlying each of the claims asserted by Plaintiff.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

Not applicable. The parties anticipate that a standard four (4) month discovery period, concluding January 31, 2020, will be sufficient under the circumstances.

**11. Discovery Limitations**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None.

**(b) Is any party seeking discovery of electronically stored information?**

Yes.

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties agree that, upon request by a producing party, the parties shall meet-and-confer in good faith to identify appropriately narrowed search terms, date limitations and other helpful production parameters.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

Given the subject matter of this lawsuit, the parties anticipate the need for discovery and production of ESI. The parties agree that electronically stored documents and e-mails shall be produced, whenever possible, in a format compatible with one of the following programs: Microsoft Office (Word, Excel, Powerpoint, Outlook), Access, and Adobe. Pictures, photographs, and other graphics shall be produced in one of the following formats: PDF, GIF, JPEG, or TIFF.

The parties agree that the method of production shall be in native file format

of the information, when it complies with the format mentioned above, which may be delivered by disk, secure sharefile folder or USB drive. For those ESI materials not initially provided in their native file format, the parties have agreed to provide such ESI in its native file format upon request.

**12.  Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?**

The parties may submit a Stipulated Protective Order to govern the production of documents containing information that is Personal Information Confidential, Confidential, and/or Highly Confidential/Attorneys' Eyes Only.

**13.  Settlement Potential:**

**(a) Lead counsel for Plaintiff and Defendants certify by their signatures below that they conducted a Rule 26(f) conference that was held on September 19, 2019**, **and that they participated in settlement discussions.**

| | |
|---|---|
| **For Plaintiff:** | /s/ *Hayden R. Pace* <br> Hayden R. Pace |
| **For Defendant:** | /s/ *Darren A. Heitner* <br> Darren A. Heitner |
| | /s/ *John M. Phillips* <br> John M. Phillips |

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(__) A possibility of settlement before discovery.

(X) A possibility of settlement after discovery.

(__) A possibility of settlement, but a conference with the judge is needed.

(__) No possibility of settlement.

(c) Counsel (X) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference: The parties have not set a date for their next settlement conference.

(d) The following specific problems have created a hindrance to settlement of this case:

None at this time.

14. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court

**(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.**

Dated: October 3, 2019.

Respectfully submitted,

s/*Hayden Pace*
Hayden R. Pace, Esq.
Jordan A. Fishman, Esq.
Stokes Wagner, A.L.C.
One Atlantic Center, Ste. 2400
1201 W. Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 766-0076
Fax: (404) 766-8823
jfishman@stokeswagner.com

Attorneys for Plaintiff, Lou M. Taylor

-and-

s/*John Phillips*
John M. Phillips, B.C.S.
Phillips & Hunt
4230 Ortega Boulevard
Jacksonville, FL 32210
Tel: (904) 444-4444
Fax: (904) 508-0683 facsimile
jmp@floridajustice.com

Darren A. Heitner, Esq.
Alan Wilmot, Esq.
Heitner Legal, P.L.L.C
215 Hendricks Isle
Fort Lauderdale, FL 33301

Phone: 954-558-6999
Fax: 954-927-3333
darren@heitnerlegalcom
alan@heitnerlegal.com

Attorneys for Defendant, Bryan S. Kuchar

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LOU M. TAYLOR, an individual, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRYAN S. KUCHAR, an individual )<br>)<br>Defendant. )<br>_____) | Civil Action No.:<br>1:19-cv-03028-MLB |

## SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and Discovery Schedule, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

SO ORDERED, this _____ day of _____, 2019.

_____
Hon. Michael L. Brown
United States District Judge