# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

LOU M. TAYLOR, in individual,

    Plaintiff,

v.

    Case No.: 1:19-cv-3028

BRYAN S. KUCHAR, an individual,

    Defendant.

_____/

## DEFENDANT'S INITIAL DISCLOSURES

Defendant, BRYAN S. KUCHAR ("Defendant"), by and through undersigned counsel and pursuant to Fed R. Civ. P. 26(a)(1) and Local Rule 26.1 of the Northern District of Georgia, hereby makes the following initial disclosures:

**I. If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response**

N/A. Defendant is properly identified.

**II. Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention**

Defendant contends the owner of the domain loumtaylor.net (the "Excluded Domain") is a necessary party to this action. According to WHOIS (https://whois.net/), the registrar of the Excluded Domain is Hostinger, UAB. *See* Exhibit **A.**

### III. Provide a detailed factual basis for the defense or defenses and any counterclaims or cross claims asserted by defendant in the responsive pleading

Defendant's Answer and Affirmative Defenses are set forth in D.E. 9. Specifically, Defendants asserts: (i) Plaintiff has failed to establish common law trademark rights in the term "Lou M. Taylor," as Plaintiff does not use such term for the purpose of providing goods or services in commerce, because any services provided are done so under the name Tri Star Sports & Entertainment Group, the company under which Plaintiff provides business management services to participants in the sports and entertainment industries; (ii) Plaintiff has failed to show likelihood of confusion, as any use by Defendant of any purported trademark owned by Plaintiff was not used for commercial purposes; (iii) Defendant's use of the domain name at issue was done solely for the purpose of providing a source of commentary, criticism, parody, and news reporting, and thus was used in accordance with fair use and not for profit or monetary gain; (iv) Defendant is not the owner of the Excluded Domain, and therefore cannot be liable for damages resulting from the Excluded Domain; (v) Defendant's use of the domain name is protected under the First Amendment; (vi) Plaintiff has failed to state a claim for relief, because, *inter alia*, (a) Defendant did not use the domain name with a bad faith intent to profit or seek financial gain from Plaintiff or any other party, (b) none of the articles hosted on the domain are original content and are all re-posted material obtained from third party news sites, magazines, articles, and/or other media sources, (c) Plaintiff has not established use in commerce for the purpose of asserting trademark rights or protection as a famous mark, and (d) Defendant has not acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble or expense.

### IV. Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action

- 15 U.S.C. § 1125(c)
- 15 U.S.C. §1125(d)
- 15 U.S.C. § 8131
- O.C.G.A. §10-1-372(a)(2)
- O.C.G.A. § 10-1-451
- OCGA § 51–5–4(a)

- O.C.G.A. § 13-6-11
- *Hayes v. Irwin*, 541 F. Supp. 397, 431 n.34 (N.D.Ga.1982)
- *Reinalt-Thomas Corp. v. Mavis Tire Supply, LLC*, No. 1:18-CV-5877-TCB, 2019 WL 4023594, at *14 (N.D. Ga. July 10, 2019)

V. **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

- Record Custodian, Everest Themes (https://everestthemes.com/)
- Record Custodian, GoDaddy (https://www.godaddy.com/)
- Record Custodian, Whois (https://whois.net/)

VI. **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

Defendant does not have any such witnesses at this time.

VII. **Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

- Financial records (i.e. bank statements showing purchase of domain, transactions (or lack thereof) relating to the domain)
- Emails confirming purchase of the domain
- Copies of articles re-posted on website from third party websites

VIII. **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the**

nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34.

Defendant intends to file a motion under Fed. R. Civ. P. 11, which will provide a basis for the seeking of attorney's fees, costs, and expenses incurred by Defendant throughout the course of this action.

IX. **If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability**

The owner of the Excluded Domain (*see* Exhibit **A**).

X. **Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to (Rev. 03/01/11) APP.B - 8 satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.**

N/A.

November 4, 2019                                       Respectfully submitted

**Ghanayem and Rayasam, LLC**
Ravi Rayasam
1936B North Druid Hills Road, N.E.
Atlanta, GA 30319
(404) 561-0202
(404) 585-5088 (fax)

/s/ Ravi Rayasam
Ravi Rayasam
GA Bar No. 596769

**HEITNER LEGAL, P.L.L.C**
*Admitted Pro Hac Vice*
215 Hendricks Isle
Fort Lauderdale, FL 33304

                Phone: 954-558-6999
                Fax: 954-927-3333

By:    [signature]

        DARREN A. HEITNER
        Florida Bar No.: 85956
        Darren@heitnerlegal.com

        By: /s/ Alan Wilmot
        Alan Wilmot
        (Fla. Bar No. 117840)

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the CM/ECF to the following on this 4th day of November 2019:

**STOKES WAGNER, A.L.C.**
One Atlantic Center, Suite 2400
1201 West Peachtree Street, N.W.
Atlanta, GA 30309
Telephone: (404) 766-0076
Facsimile: (404) 766-8823
hpace@stokeswagner.com
jfishman@stokeswagner.com

                /s/ Ravi Rayasam
                Ravi Rayasam
                GA Bar No. 596769