# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LOU M. TAYLOR )<br>)<br>Plaintiff, )<br>v. )<br>)<br>BRYAN S. KUCHAR, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO.<br>1:19-CV-03028-MLB |

## JOINT STATEMENT REGARDING DISCOVERY DISPUTE

The parties submit this Joint Statement Regarding Discovery Dispute pursuant to the Court's Standing Order (f. 3) and Local Rule ("LR") 37.1A to address the discovery dispute concerning the location of Plaintiff's deposition.

## Plaintiff's Position

In accordance with the Court's Standing Order (dkt. 3) and Local Rule ("LR") 37.1A, counsel for Plaintiff, Marcy L. Sperry, Esq. ("Ms. Sperry"), and counsel for Defendant, Darren A. Heitner, Esq. ("Mr. Heitner"), conferred both by email, as well as in person after taking the deposition of Defendant, Bryan Kuchar ("Kuchar"), to discuss the location of Plaintiff, Lou Taylor's ("Taylor") deposition. During such conference, Ms. Sperry stated that Taylor would be unavailable to attend the deposition in Atlanta, Georgia but would be available to take the deposition in Los Angeles, California. Mr. Heitner refused, and as such, we are seeking this Protective Order to change the location of the deposition, or in the alternative, to have the deposition taken by video conference. Attached to this Statement is the Notice to Take Deposition of Lou M. Taylor. *See* Exhibit A. A summary of Ms. Sperry's and Mr. Heitner's efforts to resolve this matter in good faith are listed below:

- On January 14, 2020, Mr. Heitner asked for Taylor's dates of availability within the discovery period (discovery ending on January 31, 2020) to take her deposition. On

1

January 15, 2020, an email chain ensued where Ms. Sperry stated that Taylor is available for the taking of her deposition in Los Angeles, California on January 28 and January 30, 2020. Mr. Heitner refused and stated that the deposition had to take place in Georgia on January 28, 2020. Ms. Sperry responded that Taylor is unavailable to fly to Georgia, that there is good cause for a protective order, and the offer to take the deposition in Los Angeles, California still stands. Mr. Heitner refused and stated he will file a notice to take the deposition on January 28, 2020 in Georgia. On January 22, 2020, Ms. Sperry and Mr. Heitner conferred in person at Kuchar's deposition to attempt to resolve the dispute. On January 27, 2020, Ms. Sperry offered Mr. Heitner to take Taylor's deposition by telephone or video conference, and Mr. Heitner refused and insisted on an in-person deposition in Georgia. *See* Exhibit B, meet-and-confer emails between the parties' counsel.

Taylor has good cause for entry of a protective order to change the location of her deposition. Taylor resides and runs her own business management company in Los Angeles, California, which services many high-profile clients that require in-person meetings with Taylor on a daily basis. Requiring Taylor to travel to Atlanta, Georgia is unduly burdensome because it will disrupt her business, which has already been subject to malicious attacks by Kuchar. Kuchar's registered domain name loumtaylor.com (Taylor's full legal name, even including her middle initial) and used such domain to disseminate defamatory statements about Taylor and her business, which has caused Taylor to suffer irreparable damage to her personal and professional reputation. To require Taylor to pay the expense to travel to Atlanta and further disrupt her business is unjust, unduly burdensome, and should not be required when there are other legitimate means available for conducting a deposition remotely. Additionally, Taylor did not choose the Northern District of Georgia as her forum rather, this forum chose her because Kuchar is a resident of Atlanta, Georgia. Thus, Taylor was forced to file this suit in Atlanta to stop the exploitation of her name, trademark, and Kuchar's defamatory statements. Therefore, Taylor requests that her deposition be taken in Los Angeles or by videoconference.

## **Defendant's Position**

Defendant finds himself defending this case against a Plaintiff who could have chosen any jurisdiction to bring her action. Plaintiff voluntarily chose to bring her case in the United States District Court for the Northern District of Georgia (Atlanta Division). It is improper for Plaintiff to now oppose the taking of her deposition in the jurisdiction in which she voluntarily filed suit. The Defendant has expressed an interest in attending the deposition and Defendant's counsel prefers to take the deposition in person. Requiring Defendant and his counsel to incur the great expense of flying to Los Angeles, California

when: (1) Plaintiff could have filed the lawsuit in a California jurisdiction but chose to file in the United States District Court for the Northern District of Georgia (Atlanta Division); and (2) Plaintiff claims to live in both Los Angeles, California *and* Nashville, Tennessee[1] (which is much closer in proximity to the location in which this Court sits), would greatly prejudice Defendant, who has already been prejudiced by Plaintiff's unwillingness to appear for a previously noticed deposition in Atlanta, Georgia during the original discovery period, which has since been graciously extended by the Court. Generally, the party initiating discovery may decide upon a location for deposition. Plaintiff has failed to provide sufficient foundation as to why the general rule should not apply here, especially since Plaintiff is the party to initiate the suit and purposefully chose to litigate in the United States District Court for the Northern District of Georgia (Atlanta Division). Defendant is simply seeking to take the Plaintiff's deposition within the forum in which the Plaintiff brought suit, and to limit Defendant's expenses in conjunction with the taking of Plaintiff's deposition.

This Statement is to certify that on January 30, 2020, Ms. Sperry and Mr. Heitner were unable to resolve this discovery dispute without the court's action, and respectfully request a ruling on this matter.

Respectfully submitted,

| | |
|---|---|
| **SPERRY IP LAW LLC d/b/a VIVID IP** | **HEITNER LEGAL PLLC** |
| */s/Marcy L. Sperry* | */s/Darren A. Heitner* |
| Marcy L. Sperry | Darren A. Heitner |
| Georgia Bar No. 455561 | Florida Bar No. 85956 |
| Attorney for Plaintiff | Attorney for Defendant |
| 3 Alliance Center | 215 Hendricks Isle |
| 3550 Lenox Rd. NE | Fort Lauderdale, Florida 33301 |
| 21st Floor | |
| Atlanta, Georgia 30326 | *Attorney for Defendant* |
| | |
| *Attorney for Plaintiff* | |

---

[1] *See* Plaintiff's Twitter page *at* https://twitter.com/loumtaylor.